The plaintiff moved for a new trial because the judge charged the jury that the witness Clayton could not be mistaken in his testimony, and that they must believe he had committed perjury before they could find a verdict for the plaintiff. We think that (383) the charges were erroneous. The credit which is to be given to the testimony of a witness is not a matter of law for the court to decide upon, but a matter of fact to be ascertained by a jury without the assistance of the court. That Clayton might have been mistaken in what he stated was in the range of possibility; whereas, to make him guilty of perjury, he must have sworn to material facts in the cause which he knew at the time to be false. The judge did not permit the jury to inquire whether Clayton was innocently mistaken in his testimony; but he took it upon himself to pronounce that the jury must believe him unless they were of opinion that he was perjured, that is, that he had sworn falsely knowingly, willfully, and corruptly. We think that his Honor went a little farther in his charge than the law authorized.
PER CURIAM. New trial.
Cited: S. v. Presley, 35 N.C. 494; Critcher v. Hodges, 68 N.C. 23;Withers v. Lane, 144 N.C. 190; Speed v. Perry, 167 N.C. 127. *Page 268 
(384)